IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES ETHRIDGE, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:21-cv-00306 |
| SAMSUNG SDI CO. LTD; AMAZON.COM, INC.; AMAZON.COM SERVICES, INC.; FIREHOUSE VAPORS, LLC; MACROMALL LLC; and DOES 1-50, | § § § § § § § § | |
| *Defendants*. | § | |

**AMAZON.COM, INC.'S AND AMAZON.COM SERVICES, INC.'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Amazon.com, Inc. and Amazon.com Services, Inc. (collectively, "Amazon"), by and through their undersigned counsel, hereby remove Cause No. 21-CV-0426, *James Ethridge v. Samsung SDI Co. LTD, et al.*, from the 405th Judicial District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division. Removal of this action is proper pursuant to 28 U.S.C. § 1441 because the Court has original jurisdiction over this action under 28 U.S.C. § 1332. As set forth more fully below, the properly joined and remaining parties to this lawsuit are completely diverse and the amount in controversy exceeds $75,000. In support of this Notice, Amazon respectfully states the following:

1

**Removal is Timely**

1.     On March 31, 2021, Plaintiff James Ethridge ("Plaintiff") filed suit in the 405th Judicial District Court of Galveston County, Texas seeking damages in excess of $1,000,000.00 for personal injuries allegedly sustained following an explosion of a lithium-ion battery on or around November 22, 2019 in Kemah, Texas (the "Incident"). *See* Exhibit B-1, Plaintiff's Original Petition. As filed, Plaintiff's suit was not properly removable because Plaintiff's claims did not arise under federal law and the presence of an in-state defendant – Firehouse Vapors, LLC ("Firehouse") – defeated diversity jurisdiction.[1] On September 29, 2021, however, Plaintiff filed a Motion to Dismiss Without Prejudice as to Firehouse, which expressly stated that "Plaintiff no longer wishes to pursue this matter against Defendant, Firehouse Vapors, LLC." *See* Exhibit H-1, Plaintiff's Motion to Dismiss Without Prejudice. The 405th Judicial District Court of Galveston County, Texas subsequently granted Plaintiff's motion on October 7, 2021.[2] *See* Exhibit C-3, Order Granting Plaintiff's Motion to Dismiss.

2.     A suit that is not removable at the time it is filed may be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). When a plaintiff, "at whatever time and for whatever reason, indicates a desire to completely abandon the claims against all non-diverse defendants . . . the case becomes removable at that moment." *Franz v. Wyeth*, 431 F. Supp. 2d 688, 690 (S.D. Tex. 2004). Accordingly, this suit became removable on September 29, 2021

---

[1] Firehouse is a Texas Limited Liability Company. *See* Exhibit B-1, Plaintiff's Original Petition at ¶ 9. Sam C. Grizzaffi, a Texas resident, is the sole member of Firehouse. *See* Exhibits G-1 and G-2, Firehouse Texas SOS Filings. Therefore, Firehouse is a citizen of **_Texas_** for diversity purposes.

[2] Because, under Texas law, a non-suit is effective upon filing without any further action from the court, Firehouse was no longer a properly joined defendant in this action as of September 29, 2021. *See* TEX. R. CIV. P. 162; *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009).

when Plaintiff filed the Motion to Dismiss Without Prejudice as to Firehouse. *See* Exhibit H-1, Plaintiff's Motion to Dismiss Without Prejudice. Because this Notice is filed within 30 days of Amazon's receipt of Plaintiff's motion, removal is timely. 28 U.S.C. § 1446(b)(3); *Franz*, 431 F. Supp. 2d at 690 (removal timely where notice filed within 30 days from a defendant's receipt of a Rule 11 agreement communicating a plaintiff's intent to dismiss non-diverse defendants).

## Venue

3.  Venue is proper in this district and division because this district and division embrace the 405th Judicial District Court of Galveston County, Texas, the forum in which the state court action is pending. 28 U.S.C. § 1441(a).

## Procedural Requirements

4.  Pursuant to 28 U.S.C. 1446(a) and Southern District of Texas Local Rule 81, the following documents are attached hereto:

| EXHIBIT A: | ALL EXECUTED PROCESS IN THIS CASE. | |
|---|---|---|
| | A-1 | Citation to Firehouse |
| | A-2 | Citation to Amazon |
| | A-3 | Return of Citation from Firehouse |
| | A-4 | Citation to Samsung |
| | | |
| EXHIBIT B: | PLEADINGS ASSERTING CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS. | |
| | B-1 | Plaintiff's Original Petition |
| | B-2 | Amazon's Original Answer |
| | B-3 | Firehouse's Original Answer |
| | B-4 | Firehouse's Verified Amended Answer |
| | B-5 | Plaintiff's First Amended Petition |
| | B-6 | Samsung Special Appearance |
| | | |
| EXHIBIT C: | ALL ORDERS SIGNED BY THE STATE JUDGE. | |

3

|  | C-1 | Order Granting Pro Hac Vice |
|---|---|---|
|  | C-2 | Docket Control Order |
|  | C-3 | Agreed Order of Dismissal (Firehouse) |
| **EXHIBIT D:** | **THE DOCKET SHEET.** | |
|  | D-1 | Docket Sheet |
| **EXHIBIT E:** | **AN INDEX OF MATTERS BEING FILED.** | |
|  | E-1 | Index of Matters Being Filed (Ethridge) |
| **EXHIBIT F:** | **A LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE NUMBERS, AND PARTIES REPRESENTED.** | |
|  | F-1 | List of All Counsel (Ethridge) |

5. In addition, Amazon submits the following additional documents in support of its Notice:

| **EXHIBIT G:** | **FIREHOUSE TEXAS SOS FILINGS.** | |
|---|---|---|
|  | G-1 | Firehouse Certificate of Formation |
|  | G-2 | Firehouse Tax Report |
| **EXHIBIT H:** | **PLAINTIFF'S MOTION TO DISMISS.** | |
|  | H-1 | Motion to Dismiss Firehouse |
|  | H-2 | Proposed Order Motion to Dismiss |
| **EXHIBIT I:** | **NOTICES OF WRITTEN CONSENT TO REMOVAL.** | |
|  | I-1 | Samsung Notice of Consent (Ethridge) |
|  | I-2 | Amazon Notice of Consent (Ethridge) |

**Grounds for Removal**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of costs and interest.

154365193.1

A. **The amount in controversy exceeds $75,000.**

7. Plaintiff's live pleading expressly states that he is seeking an award of monetary damages "over $1,000,000.000." *See* Exhibit B-5, Plaintiff's First Amended Petition at ¶105. Therefore, it is apparent from the face of Plaintiff's First Amended Petition that the amount in controversy is in excess of $75,000.00.

B. **Complete diversity of citizenship exists between the properly joined and remaining parties.**

8. Plaintiff is a resident of Texas, residing in Kemah, Galveston County, Texas. *See* Exhibit B-5, Plaintiff's First Amended Petition at ¶ 1. Therefore, Plaintiff is a **_Texas_** citizen for diversity purposes.

9. Defendant Samsung SDI Co. Ltd. ("Samsung") is a South Korean corporation with its principal place of business in South Korea that does not maintain a place of business or registered agent in the State of Texas. *See* Exhibit B-5, Plaintiff's First Amended Petition at ¶¶ 3-5. Therefore, Samsung is **_not a citizen of Texas_** for diversity purposes.

10. Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Washington.³ Therefore, it is a citizen of **_Washington and Delaware_** for diversity purposes.

11. Defendant Amazon.com Services, Inc. is a Delaware Corporation with its principal place of business in Washington.⁴ Therefore, it is a citizen of **_Washington and Delaware_** for diversity purposes.

---

³ Plaintiff's First Amended Petition incorrectly asserts that Amazon.com, Inc. is a Washington corporation with its place of business in Washington. *See* Exhibit B-5, Plaintiff's First Amended Petition at ¶ 6.

⁴ Plaintiff's First Amended Petition incorrectly asserts that Amazon.com Services, Inc. is a Washington corporation with its place of business in Washington. *See* Exhibit B-5, Plaintiff's First Amended Petition at ¶ 7.

**Consent to Removal**

12. Pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served have consented to the removal of this action. These defendants – Samsung SDI Co. Ltd., Amazon.com, Inc., and Amazon.com Services, Inc. – have properly and timely consented to removal as indicated by the attached signed written consents to removal.[5] *See* Exhibits I-1 and I-2, Notices of Written Consent to Removal.

**Notice to State Court and Opposing Party**

13. Pursuant to 28 U.S.C. § 1446(d), Amazon will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 405th Judicial District Court of Galveston County, Texas where the action is pending.

**Notice of Pending Motions**

14. As indicated on the attached docket sheet, there are currently motions pending in this case. *See* Exhibit D-1, Docket Sheet. The first is Amazon's fully briefed motion for summary judgment. *See id.* "By operation of law, all motions pending in state court at the time of removal remain pending as if they had been filed in federal court." *Burch v. JPMorgan Chase Bank, N.A.*, 2019 WL 4919018, at *3 (N.D. Tex. Sept. 3, 2019), *report and recommendation adopted*, 2019 WL 4918100 (N.D. Tex. Oct. 4, 2019). Amazon does not attach the briefing for that motion to the Notice of Removal, as they do not fall into any of the six categories of documents that Local Rule 81 lists. That omission does not affect the motion's status. The "failure to attach a motion that is pending in state court at the time of removal does not waive the motion, which may be pursued in

---

[5] Because Defendant Macromall LLC has not yet been served in this action, its consent to removal is not required. *See, e.g.*, *Vanderbilt Mortg. & Fin. v. Flores*, No. C-09-312, 2010 U.S. Dist. LEXIS 165287, at *5 n.1 (S.D. Tex. 2010) ("If a party has not been served until after a case has been removed, the Fifth Circuit does not require that party to join in the removal petition.") (citing cases); *see also* Exhibit D-1, Docket Sheet.

the district court, following removal." Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 373 & n.7 (Rev. 4th ed.) (citing *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286–87 (11th Cir. 1985)). Amazon will file a separate notice that provides the briefing for its motion for summary judgment.

## Conclusion

The Amazon Defendants hereby give notice that the matter bearing Cause No. 21-CV-0426 in the 405th Judicial District Court of Galveston County, Texas is hereby removed to the United States District Court for the Southern District of Texas, Galveston Division and respectfully request that this Court retain jurisdiction for all further proceedings in this matter. Amazon further prays for any other further relief at law or in equity to which Amazon may be justly entitled.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _____
    Clifford L. Harrison
    Federal ID No. 3070
    State Bar No. 09113800
    charrison@munsch.com
    Heriberto R. Montalvo
    Federal ID No. 3158843
    State Bar No. 24102231
    hmontalvo@munsch.com
    700 Milam, 27th Floor
    Houston, Texas  77002
    Telephone: (713) 222-4035
    Facsimile: (713) 222-1475

**PERKINS COIE LLP**

By: */s/ Gregory F. Miller*
    Gregory F. Miller
    State Bar No. 24088062
    gmiller@perkinscoie.com
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101
    Telephone: (206) 359-3588
    Facsimile: (206) 359-4588

**ATTORNEYS FOR DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES, INC.**

154365193.1

## **CERTIFICATE OF SERVICE**

      In accordance with the FEDERAL RULES OF CIVIL PROCEDURE, I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record on this 28th day of October 2021, by electronic e-service.

                                                                                           Clifford L. Harrison

154365193.1