Case 3:21-cv-00306   Document 35   Filed on 05/31/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2022
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:21-cv-306

JAMES ETHRIDGE, *PLAINTIFF*,

v.

SAMSUNG SDI CO., LTD., *ET AL.*, *DEFENDANTS*.

### MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is Amazon.com, Inc., and Amazon.com Services, Inc.'s motion for summary judgment. Dkt. 9-1. The court grants the motion.

### I.   Background

The plaintiff, James Ethridge, alleges his e-cigarette device's lithium-ion battery exploded in his pants pocket, causing him severe burns and other injuries. Ethridge had purchased the device from Firehouse Vapors, LLC, and the battery from Macromall, LLC. Both purchases were made on Amazon's online platform. He alleges Samsung SDI Co., Ltd., manufactured the battery.

Ethridge filed suit in state court against Samsung, Firehouse Vapors, and Macromall, as well as Amazon.com, Inc., and Amazon.com Services, Inc. (together "Amazon"). After he voluntarily dismissed Firehouse Vapors—a Texas LLC—the parties became completely diverse and the case was removed to this court. After removal, Ethridge also voluntarily dismissed Macromall. And he has conceded to the dismissal of his warranty and *respondeat superior* claims against Amazon. Dkt. 9-4 at 4 n.1.

Amazon has moved for summary judgment on Ethridge's remaining claims: negligence and gross negligence. Dkt. 9-1.

## II.  Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). The movant bears the burden of presenting the basis for the motion and the elements of the causes of action on which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to offer specific facts showing a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But when the nonmoving party has failed "to address or respond to a fact raised by the moving party and supported by evidence," then the fact is undisputed. *Broad. Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). "Such undisputed facts may form the basis for summary judgment." *Id.* The court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

### III. Analysis

Ethridge's negligence claim against Amazon concerns its furnishing of online storefronts for third-party sellers. He accuses Amazon of assisting these sellers with transactions Amazon knows include the sale of standalone lithium-ion batteries without properly instructing or requiring third-parties to warn or notify its consumers of the batteries' inherent risks. Dkt. 9-4 at 2.

Amazon counters that Ethridge cannot sue Amazon for negligence for two main reasons: (1) Ethridge's theory of liability contravenes *Amazon.com, Inc. v. McMillan*, in which the Texas Supreme Court held that "online marketplaces" such as Amazon are not "sellers" under the Texas Products Liability Act and cannot "be liable as a non-manufacturing seller of defective products," 625 S.W.3d 101, 104, 112 (Tex. 2021); and (2) Amazon owes no duties with respect to products manufactured and sold by others. Dkts. 9-1 at 11; 9-5 at 5. The court addresses each argument in turn.

### A. *Amazon.com, Inc. v. McMillan*

The Texas Supreme Court held in *McMillan* that "Amazon is not a 'seller' of third-party products under Texas law." 625 S.W.3d at 104. In *McMillan*, the plaintiff bought a remote control from a third-party seller who, like Macromall here, used Amazon's "Fulfillment By Amazon" logistics services to carry out buyers' orders. *Id*. The Court held that a "seller" under Texas products-liability law is the "person or entity who relinquishes title." *Id*. at 109. In "cases where an ordinary sale occurs, a sale analysis—transfer of title for a price—is used to identify which person or entity qualifies as a seller of the product." *Id*. Under this analysis, "when a product-related injury arises from a transaction involving a sale, sellers are those who have

relinquished title to the allegedly defective product at some point in the chain of distribution." *Id.* at 111.

In *McMillan*, Amazon did not qualify as a "seller" because "it did not hold title to the remote [control] and relinquish it to McMillan"; rather, the third-party seller "held title at the time of transfer." *Id.* at 112. Amazon's "control over the process of the transaction and the delivery of the product" did not "transform an otherwise non-title-holding sales facilitator into a 'seller.'" *Id.*

Amazon argues that *McMillan* dictates the same result here. The third-party seller, Macromall, held and transferred title to its product to Ethridge. Amazon never held title. Dkt. 9-1 at 10. So, Amazon contends, it is not a "seller" under Texas products-liability law.

The court agrees that *McMillan* forecloses Amazon's exposure to a products-liability-based negligence claim. Amazon did not design, manufacture, fabricate, assemble, import, test, inspect, warrant, or service the product, and so it could not have done so negligently. *See* Dkt. 9-1 at 8. Likewise, Amazon did not distribute or sell the product within the meaning of Texas products-liability law because it never held title to it. *Id.* But Ethridge protests that his negligence claim falls *outside* the products-liability framework. Dkt. 9-4 at 2.

## B. Duty of Care

Ethridge argues that *McMillan* does not address the viability of a negligence claim against Amazon, and the fact that Amazon is not a "seller" and so cannot be strictly liable for design or manufacturing defects does not foreclose its liability for negligence. *Id.* at 1–2. He adds that he has not alleged negligence based on negligent design or manufacture, but that Amazon "breached [its] duty of reasonable care" by "failing to provide reasonable and adequate warnings to suppliers, purchasers, and users of the e-cig products." *Id.* at 2. Ethridge argues his ordinary negligence claim stems from a duty by Amazon to protect consumers either by (1) barring the sale of standalone lithium-ion batteries by third-party sellers or (2) requiring warnings on storefronts Amazon provides to third-party sellers who sell such products. *Id.* at 8.

In response, Amazon notes that the Texas Supreme Court held in *Firestone Steel Products Co. v. Barajas* that a defendant "owe[s] no duty to the" users of a product the defendant "did not design, manufacture or sell," and so cannot be liable even for negligence. 927 S.W.2d 608, 615 (Tex. 1996). And, Amazon argues, even if *Firestone* did not apply here—as Ethridge maintains—recognizing what would amount to a new duty by Amazon in cases like this would conflict with the principle that courts should "decline to

impose a common law duty" if it deviates from "the Legislature's stated policy." *Thapar v. Zezulka*, 994 S.W.2d 635, 640 (Tex. 1999). As Amazon recounts, "the [Texas] Legislature has enacted a 'liability-restricting' statute that governs products-liability claims, *McMillan*, 625 S.W.3d at 109, and there is no basis to expand liability under that statute beyond what the Legislature deemed appropriate." Dkt. 9-5 at 5.

Ethridge insists that *McMillan* and *Firestone* are distinguishable and do not apply. Dkt. 9-4 at 8. Assuming he is correct, it remains that "there is no legal duty in Texas to control the actions of third persons absent a special relationship." *Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 720 (Tex. 1995); *see also Fagerberg v. Steve Madden, Ltd.*, No. 03-13-00286-CV, 2015 WL 4076978, at *1 (Tex. App.—Austin July 3, 2015, pet. denied) ("there is no duty to protect someone from the negligence of a third person"). Nor is there a general "duty to warn of dangers" from third parties. *San Benito Bank & Tr. Co. v. Landair Travels*, 31 S.W.3d 312, 318 (Tex. App.—Corpus Christi 2000, no pet.). And, especially important here, there is no general "duty to warn or instruct about a [third party's] products." *Firestone*, 927 S.W.2d at 614. Ethridge offers no reason to depart from these principles.

Ethridge has also failed to allege that this case involves the type of "special relationship" necessary to impose on Amazon a duty to control the

actions of others. *See Triplex Commc'ns*, 900 S.W.3d at 720; *see also Van Horn v. Chambers*, 970 S.W.2d 542, 546 (Tex. 1998). The only such special relationships Texas law recognizes are those "between a parent and child, master and servant, or independent contractor and contractee under special circumstances." *Van Horn*, 970 S.W.2d at 546.

Rather than allege a special relationship, Ethridge asserts (1) that Amazon has the right to control the sellers for whom it provides a storefront on its website, and (2) a duty to protect or warn flows from this right to control. Dkt. 9-4 at 7. But allegations of "control" cannot create a duty of care where no recognized "special relationship" exists. *See, e.g.*, *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex. 1993) (holding that just because a social host can suspend access to alcohol does not create a special relationship with guests); *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983) ("the practical ability to exercise []control" is not enough to create a "duty to control the conduct of another"); *Wofford v. Blomquist*, 865 S.W.2d 612, 614–15 (Tex. App.—Corpus Christi 1993, writ denied) (holding that just because grandparents could suspend access to their car does not create a special relationship with their granddaughter).

Ethridge charges Amazon with a legal duty of care that allegedly would have protected him from the harm he sustained. But he has not persuaded

the court that Amazon owes him that duty under Texas law. And "where there is no duty[,] no negligence can arise." *S. Kan. Ry. Co. of Tex. v. Emmett*, 139 S.W. 44, 49 (Tex. App.—Fort Worth 1911, writ dism'd).

Ethridge's negligence claim fails for want of a duty of care. His gross-negligence claim fails as well, both for want of negligence, *see Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App.—Austin 1990, writ denied) ("one's conduct cannot be grossly negligent without being negligent"), and for lack of sufficient pleading. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (failure to pursue a claim beyond the complaint constitutes abandonment).

\*   \*   \*

For the above reasons, the court grants Amazon's motion for summary judgment. Dkt. 9-1.

Signed on Galveston Island this 31st day of May, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE