# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES ETHRIDGE, | § | Case No. 3:21-CV-00306 |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG SDI CO. LTD; | § | |
| AMAZON.COM, INC.; AMAZON.COM | § | |
| SERVICES, LLC; FIREHOUSE | § | |
| VAPORS, LLC; MACROMALL, LLC; | § | |
| and DOES 1-50, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF JAMES ETHRIDGE'S REPLY TO DEFENDANT AMAZON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MOTION FOR RECONSIDERATION**

**INTRODUCTION**

Plaintiff's Motion for Leave to File a Second Amended Complaint and Motion for Reconsideration should be granted because the Texas Supreme Court's findings in *McMillan* and the Order Denying Amazon's Motion to Dismiss in *Williams* significantly changed the liability and viability for defective product cases lodged against Amazon. *Amazon Inc. v. McMillan*, 625 S.W.3d 101, 104, 112 (Tex. 2021); *Williams v. American Crenova E-Commerce LTD*., et al., SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION, No. 4:20-CV-01666 (February 7, 2022) (attached as **Exhibit B** to Plaintiff's Motion for Leave to File a Second Amended Complaint and Motion for Reconsideration).  Amazon does not operate within a traditional business model; as a result, many fundamental legal questions about the viability of product liability claims against Amazon remain unanswered.  In other words, the contours of Amazon's liability are muddy and – for the foreseeable future – quickly changing.  Good cause therefore exists for this Court to grant Plaintiff's motions for leave and reconsideration; a plaintiff cannot lodge causes of action or make arguments that, to date, had been rejected by Texas Courts.

**ARGUMENT**

I.   Plaintiff Satisfied His Burden Under Rules 59(e) and 15(a)

The Fifth Circuit's general principle is that "the district court must strike a proper balance between two competing interests: 'the need to bring litigation to an end and

the need to render just decisions.'" *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). "District courts have considerable discretion in deciding whether to grant a Rule 59(e) motion." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). And "denial of a motion to vacate, alter, or amend a judgment so as to permit the filing of an amended pleading draws the interest in finality of judgments into tension with the federal policy of allowing liberal amendments under the rules. "*S. Constructors Grp., Inc. v. Dynalectric Co*., 2 F.3d 606, 611 (5th Cir. 1993).

Defendant's opposition is premised on the idea that Plaintiff's request for reconsideration and leave to amend are to be analyzed separately. However, the requests are inextricably linked to one another and must be evaluated in tandem. *See e.g. Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 389 F. Supp. 3d 412, 418 (M.D. La. 2019) ("When a court is faced with a motion under both Rule 59(e) and Rule 15(a), the Fifth Circuit has stated that it is proper to analyze the motion under each rule").  Not only must the issues be analyzed jointly, but when, " a district court has entered a judgment on the pleadings and the plaintiff moves under Rule 59(e) to vacate the judgment and amend the complaint, the court should also analyze the motion *under the more liberal Rule 15(a) standard*." *Id*; *see also S. Constructors Grp.*, 2 F.3d at 611 (emphasis added); *see also Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (reviewing "the district court's denial of [Alpert

Group's] Rule 59(e) motion for abuse of discretion, in light of the limited discretion of Rule 15(a)" as the Plaintiff in that case, like Plaintiff here, made a motion for reconsideration and request for leave to amend.)

As such, the Court must evaluate Plaintiff's motion holistically under both Rule 59(e) and Rule 15. It is well settled that courts "should freely give leave when justice so requires." FRCP 15(a)(2). And courts in this circuit have found that the Rule 15(a) standard is "more permissive" than the standard of Rule 59(e). *DeGruy v. Wade*, 586 Fed.Appx. 652, 655 (5th Cir. 2014). "In deciding whether to grant leave to amend [under Rule 15], the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Here, each of these factors weigh in favor of the amendment. First, Plaintiff's request for leave is not made because of undue delay, bad faith, or dilatory motive. The request for leave is made to ensure Plaintiff's right to seek redress against a liable defendant in a context where the controlling legal landscape is ever evolving. From the date Plaintiff filed suit to the present, he has been required to navigate multiple changes in Texas law with respect to viable causes of action against

4

Amazon. In the face of this challenge, Plaintiff diligently sought to amend the complaint in accordance with those changes; first after the *McMillan* ruling, and second in his opposition to Defendant Amazon's Motion for Summary Judgment.

With respect to the number of amendments sought by Plaintiff, this factor weighs in favor of Plaintiff. A "court must decide that a plaintiff has had fair opportunity to make his case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Unlike in *Schiller*, where the court dismissed plaintiff's claims after plaintiff's third amendment failed to establish a viable cause of action, here, only *one* amendment has been sought and permitted after the *McMillan* opinion was issued.

Amazon's summary judgment motion was premised on *McMillan*, which found that Amazon was not a seller for the purposes of strict liability in a case regarding the sale of products by third parties on Amazon. *See Amazon Inc. v. McMillan*, 625 S.W.3d 101, 104, 112 (Tex. 2021). In light of the *McMillan* decision, this Court's primary concern when it granted summary judgment was whether Amazon owed consumers a duty of care under an ordinary negligence cause of action. The amendment Plaintiff seeks would address this concern.  The recently discovered *Williams* ruling demonstrates Amazon does, in fact, owe a duty to consumers who purchase products on Amazon under a negligent undertaking theory.

Further, Amazon's argument that the facts Plaintiff wishes to add to the complaint did not arise in the 28-day period prescribed by Rule 59(e) is not

misguided. Again, Amazon's opposition fails to look at the totality of Plaintiff's request. The facts outlined in Plaintiff's motion are those that support a negligent undertaking cause of action. Plaintiff is not arguing that those new facts are newly discovered evidence, but that they are the facts relied upon by another federal court in this District to find Amazon could and should be liable under a negligent undertaking theory.

As stated throughout Plaintiff's motion and this reply, at the time Plaintiff filed both his original complaint, his first amended complaint, and his opposition to Amazon's Motion for Summary Judgment, there have been significant changes in the law pertaining to Amazon's liability in a product defect case. An evaluation of these legal changes under both Rule 59 and Rule 15 demonstrates that good cause exists to amend the complaint to include a negligent undertaking cause of action as well as new facts pertaining to Amazon's control of third parties on the platform, and its proactive steps with respect to the safety of products on its platform.

II.   Plaintiff Demonstrated "Good Cause" To Justify Altering the Case Management Schedule under Rule 16.

"The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 568 (W.D. Tex. 2012). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, No. 3:20-CV-1883-

D, 2021 WL 4822017, at *3 (N.D. Tex. Oct. 15, 2021).  Courts have "previously found other proposed amendments to be important where they "potentially provide additional grounds for [a party] to recover," *Mid-Continent Casualty Co. v. Eland Energy, Inc.*, 2009 WL 3074618, at *37 (N.D. Tex. Mar. 30, 2009) (Fitzwater, C.J.), or "directly affect[ ] [a party's] prospects of ultimate recovery." *The Richards Group, Inc. v. Brock*, 2008 WL 1722250, at *2 (N.D. Tex. Apr. 14, 2008) (Fitzwater, C.J.).

Here, good cause exists to allow Plaintiff leave to amend after the deadline in this Court's scheduling order. While the order in the *Williams* case was issued in February of 2021, it was not brought to the attention of counsel and the legal community until June of this year[1] as this opinion was not published, was not an appeal, and typically only reaches the attorneys involved in the case.  The *Williams* decision is not even available on Westlaw. To expect Plaintiff to monitor the federal and state court dockets for all cases involving Amazon is untenable.  The *Williams* ruling was discovered after the scheduling order had already lapsed and after this Court had issued its ruling granting Amazon's Motion for Summary Judgment. Plaintiff filed his motion for reconsideration and leave to amend based on new law quickly after our discovery of the *Williams* case.

---

[1] Williams Hart Law, Landmark Opinion Opens Legal Door in Amazon Burn Lawsuit (June 1, 2022) https://whlaw.com/landmark-opinion-opens-legal-door-in-amazon-burn-lawsuit/

Further, the *Williams* order was made long after this issue was briefed and argued before the state court, after Plaintiff already had requested leave to amend his complaint given the new facts surrounding Amazon's control over its sellers in the Kaplan declaration supporting Amazon's Motion for Summary Judgment, after Defendant removed this case to federal court, and after Defendant filed its Motion for Ruling on the Pending Motion for Summary Judgment. Defendant suggests that Plaintiff should have filed a notice of supplemental authority, however Plaintiff learned of the *Williams* decision *after* this Court already issued its ruling on Summary Judgment.  This is not a matter of Plaintiff failing to act diligently in seeking leave to amend where facts giving rise to Plaintiff's suit simply change, but rather that there has been a significant change in Texas law as it relates to the viability of product liability claims against Amazon.

Additionally, an amended pleading is not, as a matter of law, prejudicial to the opposing party simply because it asserts a new cause of action or defense. *Lichte v. Gov't Employees Ins. Co*., 825 S.W.2d 431, 431 (Tex. 1991).  This case is in its infancy, and discovery is open until April 7, 2023. (Doc. 25)  As such there is still substantial time for the parties to engage in discovery pertaining to the new cause of action and the remain dates in the scheduling order would not need to be disturbed or delayed based on this amended.

Finally, Plaintiff should not be prejudiced by the fact that from the time of filing of his original petition to the filing of this reply, there have been substantial shifts in the law surrounding Amazon's specific liability in a product defect case. Further, Amazon should not be able to circumvent liability due to ambiguity in viable causes of action that surround it.  In reviewing Plaintiff's request in its totality, good cause exists to allow Plaintiff leave to amend his complaint to include a negligent undertaking cause of action and the facts to support such an action because of the shift in law surrounding Amazon's liability in a defective product case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion for Leave to File a Second Amended Complaint and Motion for Reconsideration.

Dated:  July 22, 2022                    Respectfully submitted,

THE LAW OFFICES OF A. CRAIG EILAND, PC

By: */s/ A. Craig Eiland*
A. Craig Eiland
State Bar No. 06502380
1220 Colorado, Suite 300
Austin, Texas 78701
Telephone: (409) 763-3260
Facsimile: (713) 513-5211
ceiland@eilandlaw.com

9

LEVIN SIMES ABRAMS, LLP

*/s/ Angela J. Nehmens*
Angela J. Nehmens
CA State Bar No. 309433
Admitted Pro Hac Vice
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
anehmens@levinsimes.com

**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was electronically filed through the Court's CM/ECF system on July 22, 2022, which shall automatically send email notification of such filing to all CM/ECF participants.

This 22 day of July, 2022.

*/s/A. Craig Eiland*
A. Craig Eiland